The next case is number 08-5004, Keener and others against the United States. Mr. Redding, when you are ready. I would like to start my argument by addressing two very narrow points that I think are not completely clear in the briefing. The decision below and the government's brief make one argument that the taxpayer waived the statute of limitations as a part of the settlement document itself. Both the decision below and the government's brief in multiple places misquote the waiver language. So if I can draw the court's attention to that very briefly. In the decision and in the briefs, it is said that the waiver contained the language that the taxpayer offered to waive the restrictions on the assessment and collection of any deficiency attributable to partnership items and ends with a period and close quote. The waiver language in the document does not end at that point. The sentence continues and it says a parenthetical with respect to interest is required by law, which is not the point, but it also continues and says provided in section 6225A, that waiver specifically waived the restrictions in 6225A. Nothing else. It was limited to that. 6225A only provides that the IRS may not make an assessment once the case has been docketed or the FPAW has been issued until there's a final resolution. That is not the statute of limitations on assessment and collection. That waiver language by its very terms is restricted to that one issue. It cannot be a waiver of the statute of limitations. Second, very quick point, the government alleges that there's a special six-month statute of limitations for filing a refund claim and the court below accepted that analysis. In neither case does it really focus on the fact that while the government goes out and says that our position is that we're saying that only applies to mathematical errors. There's nothing in the section in the code that says that. The term isn't mathematical error, but what it does say very explicitly is that the six-month statute applies to claims on the grounds that the IRS quote erroneously computed close quote any computational adjustment necessary. Erroneously computed means they made a mathematical error. If it does not say that that statute applies to any claim that a computational adjustment was improperly applied, only that it was erroneously computed, every other court that has looked at that has rejected that argument that the six-month statute applies. In fact, Molina in Molina had oral argument, Judge McBride even asked government counsel if they'd ever been sanctioned for making that argument. Judge McGann in the claims court found that that six-month statute did not apply to a 6621C refund case such as we brought in McGann. McGann was appealed to this court, the government I think on direction of the solicitor general withdrew the appeal. McGann has now become final. No court has ever accepted that six-month statute of limitations argument other than Judge Allegret and now followed by Pratty. Those two points I wanted to be very specific on because they're very narrow. Because the heart of this issue is how we define partnership item, am I right? Yes, and in two different categories. I would like to address the statute of limitations quickly because I think our briefs are abundantly clear on that and I know that we're climbing a mountain of precedent against us on that one. I understand that. But under Chevron, you have to first look at whether or not the statute is unambiguous and the statute defining what is a partnership item is absolutely clear. There are three tests that have to be satisfied, none of them are satisfied with regard to the statute of limitations on assessment. You can say that it would make sense that it was a partnership item and perhaps it ought to be and that it ought to be and in fact Congress later came in and said statute of limitations can be raised as a defense in a tariff for partnership case. Let me ask you, when you say the statute is absolutely clear, are we talking about the 6231A? I mean, is that your clarity? Yes, Your Honor. The actual definition of what is a partnership item? Yes, Your Honor. Well, I'm sure you've read, as I have, Judge Block's analysis of the statutory language in his opinion, which is not overly lengthy but quite detailed in terms of how he reads the statute, which is not how you read it. I don't think there's a reasonable reading of it, Your Honor, to be honest with you. Well, presumably you don't. You'd have to say it's unreasonable because if it was a reasonable reading, then at a minimum, deference to the reg, right? We have to adopt your view that any reading other than yours is absolutely unreasonable and that the statute is unambiguous, right? Is that the position we're in? I think it is, yes, Your Honor. I mean, I think Chevron does apply because I believe that statute is unambiguous. It's specific. Chevron does not apply. The Chevron does apply. The first tier of Chevron does apply, that you must rely on the statute. You can't then redefine partnership item to be something else where the definition says it has to meet three criteria that are not satisfied. None of the three criteria are satisfied, let alone any one. Does it make any sense to you as a policy matter, not as a legal matter, as a statutory construction matter, that if you understand, and I don't think there's a lot of disagreement as to what Congress was trying to achieve when they passed TEFRA, that this statute of limitations question would not be in some way, shape, or form construed properly as a partnership item? Your Honor, actually, I do, and I think it's because there's a lot of misunderstanding about TEFRA. I've been litigating TEFRA partnership procedural issues since 1986. It's been the bulk of my career. TEFRA was really intended to centralize the decision of what adjustments should be made to the partnership tax return, and a partnership item generally is defined as those things that are on the partnership tax return, or the things behind it that have to go into it to determine those things. That's reasonable. What the statute of limitations is as to collection of a determined liability resulting from the adjustments is not determined on the partnership tax return, and in fact, a simple hypothetical. If I have a partner who did not file a tax return, an individual partner who did not file a tax return, and he's got this huge deduction related to a partnership, and 20 years later, the government comes in and is auditing his return, they want to adjust that. They may issue a notice of final partnership administrative adjustments at the partnership level to make those adjustments because his statute is still open. No other partner, not a single one. They still have to go through the FPAW procedure. The adjustments to the partnership items are still valid, except the assessment statute bars assessment against most of the other partners, or all the other partners. That's not, I think, a defense that's reasonably raised as part of the partnership level proceeding. Subsequently, Congress has decided, and included in an expansion of the jurisdiction, the right to raise that defense. I also note that that is buttressed by the fact, and no court that has looked at this has been willing to address this question. 6226 says that a party with respect to whom the statute of limitations for assessment has run may not participate in the TEFRA level proceeding. How do you raise the defense? How? If you can't be a participant in the proceeding, how can it possibly be a defense that must be raised in that proceeding? The statute specifically precludes participation by any partner with respect to whom the statute of limitations for assessment has expired. No court, in any of these cases, has ever looked at that statute head-on. I think that's why it doesn't make sense, Your Honor, that the statute of limitations defense, at least in many respects, it cannot be a partnership item. Congress was trying to centralize certain types of determinations. As far as I'm concerned, it relates to what was on that tax return, and should be.  I do note that the amendments that made it permissible to raise that as a defense applied only to tax years after 1997. I'll also briefly, and then I'm not going to address the limitations any further, briefly make the note that the government in its brief, and I think the court below, somewhat disparaged the taxpayers for raising the statute of limitations, saying they want a second bite at the apple, they want something that's too good to be true, da-da-da-da-da-da. I'm going to just remind the court that generally speaking, in tax cases, you don't look at equity, you just look at the law. Equitable provisions rarely are applied in tax cases. Number two, if that's somehow reprehensible for the taxpayer to raise a legitimate statute of limitations defense, if it's not a partnership item, then how is that any more reprehensible than the government coming in here and saying, gee, the statute of limitations barred our refund claim. Is that reprehensible? No. It's simply asking that the law be properly applied. I'd like to move to the 6621C issue, if I may, because the issues are really completely different within 6621C. I'll start by saying, clearly, the Fifth Circuit looked squarely at exactly this same issue and where. It was the same settlements out of the same partnerships, out of the Amcor partnerships. I completely concur with that analysis on that issue. The other circuits go the other way on that issue. Only the Court of Claims has really addressed it other than the Fifth Circuit. And the Court of Claims has split on that issue. In this case, Judge Allegra ruled against us. In McGann, Judge Leto ruled for us on that issue. The government has now conceded those cases. They withdrew their appeal of that case. And in the cases related to McGann, we got a notice the day before yesterday from the government that they were conceding the related cases to us. What we're looking at here is an isolated opinion by this judge that has then been followed in Pratty by another judge of the court. But this is really the only case that has ruled this way on 6621C. And in this case, that position is reached by the lower court by finding that these were partial settlements that did not resolve the issue of the character of the adjustments. I submit... May I have a sip of water? May I permissibly take a sip of water? Yes. My mouth was so dry I couldn't speak. I submit that if they're not partial settlements, then the question doesn't even arise. You have to look at what the content of the FBAL was. If you have both tax-motivated transaction adjustment grounds and non-TMT grounds, then when you apply the formula, there is no portion attributable to the tax-motivated transaction ground. The settlements are silent as to the ground. Fielding in the 11th circuit has just recently said that you can't look... Once it's been settled, you can't go back and then recharacterize the nature of the item. I also submit that it's illogical that you can settle an item, make one set of adjustments to it, not state what the character is, and then look at a case that's decided four years later, two to four years after this penalty interest has been assessed, and say we're relying on the tax court decision that later occurred to hold that this was a sham transaction. That makes no sense. It's also clear that when the government solicited these consistent settlements, they told the partners that it would end the litigation. They filed formal reports with the tax court that says the partner has settled the partnership item subject to this litigation and is no longer a party to these proceedings. That requires a comprehensive settlement. In fact, that's a judicial admission that they made in the tax court proceedings. To now come back and say, oh, gee, we really meant for it to be a partial settlement and we were going to wait for a court decision years later to determine what the character was makes no sense. Furthermore, it's evident that's not what they did. They actually assessed the penalty interest immediately based upon, they thought, the settlement. Not a later determination of what the character was. I would also argue that it makes no sense to say that I can convert an item, when you enter into a settlement with regard to a partnership item, it converts to a non-partnership item. If you ask yourself what's the character of that item, what are you asking yourself? You're asking yourself what's the character of this non-partnership item? It's not a partnership item anymore. Its character is no longer the character of a partnership item for that partner. It's the character of a non-partnership item. You can't segregate the character of the adjustment from the adjustment itself and say we're going to defer the character determination until later. If we agree with you, what is the relief that you're requesting? I believe that as to the statute of limitations issue, your honor, the case should be remanded for proceedings on the merits of our defenses. As to 6621C, I think the court should first determine that the claims court does have jurisdiction and then look at our motion for summary judgment. Everything is in the record necessary to rule on that motion for summary judgment to say that based on the 870PAD, the settlement agreement, the terms contained in the FPAW, it is clear that you cannot determine a specific ground for the adjustment. Therefore, you must weigh all of the grounds in the FPAW. If you weigh all of the grounds in the FPAW and apply the formula just as the Fifth Circuit did, it is impossible to determine that it is attributable to a tax-motivated transaction. What the regulation does, in effect, is to define what attributable to means. That regulation has the weight of law and it says you make a calculation taking into account all of the grounds for adjustment and then you make a calculation applying only the TMT ground. The difference is the portion attributable to the TMT ground. We use the term solely, but that's the effect of the regulation because as long as you have multiple grounds that are undifferentiated and not either ruled out by the settlement as long as they are left there in an ambiguous situation like this, you have to apply that formula by first going through that calculation. When you do that based on these FPAWs, you have no portion of the deficiency attributable to a tax-motivated transaction. Let's hear from the other side, Mr. Reddy, and we'll save you some rebuttal time. Thank you, Your Honor. Ms. Snyder. Good morning. May it please the Court, Deborah Snyder on behalf of the United States of America. The issue in this case is whether the refund claims that the taxpayers made are attributable to partnership items and thus barred by Section 7422H. The Court of Federal Claims correctly held that they were. Could you, just to make sure you don't run out of time, address the pre-judgment interest issue, I guess, maybe initially and respond to the arguments that were made? Pre-judgment interest or 6621C interest, the tax-motivated interest? The thing that the taxpayers are ignoring in their argument regarding the 6621C interest is that the nature of partnership transactions is indisputably a partnership item. And the statute says no claims for refunds attributable to partnership items. There is no way that they could challenge the imposition of tax-motivated interest in their refund cases without arguing that the transactions weren't shams. They cannot argue in an individual refund case that the partnership transactions were not shams. The issue is the nature of the partnership's transactions. And there is a lot of authority saying that that is a partnership item, including the Ninth Circuit decision in River City Ranches, which said for this very purpose, for the purpose of tax-motivated interest under former 6621C, the nature of partnership transactions is a partnership item, and the tax court should have made findings about that item. And there are many other decisions that are consistent with that, the First Circuit's decision in Nault, RJ 18. But not the Fifth Circuit, as the other side says. Well, the Fifth Circuit did not reach the jurisdictional issue. The Fifth Circuit, of course, reached the jurisdictional issue on the statute of limitations and said, as did every other circuit court to have considered this and the tax court, that the statute of limitations argument they raised here is a partnership item. And that's pretty much unanimous. But it did not reach 7422H in connection with the tax-motivated interest claim. It went to the merits of that claim. So as far as the grounds for Judge Allegra's holding below on the interest, the Fifth Circuit decision in Weiner does not speak to that. Another problem with raising the tax-motivated interest in a partner-level proceeding is that they would essentially need to refute the determination that was made in the FPA that the transactions were shams. The FPA said the transactions were shams. Partners filed petitions in the partnership proceeding, and those are in the record, contesting that and contesting the statute of limitations. The taxpayers were on notice of that, and they settled their case. Had they wanted to pursue the sham issue, they could have done so in the partnership proceeding. And that's the way TEFRA works. It sets up a framework to separate out issues that are common to the partnership as a whole. In this case, didn't the tax court hold that there was no statute of limitations problem with regard to the FPAs? The tax court actually hold that? Yeah. Why? I saw no analysis in that opinion. They just said it. And when I looked at the statute, and I realize you're going to tell me that this is the merits of the statute of limitations argument and not the jurisdictional issue that's before it. I recognize that. But I don't understand how they came to the conclusion, because it seems to me with the three-year statute of limitations and the statute, and boy, I certainly don't understand or presume to say I understand this tax law in all the intricate details, but it just seems to me that the three-year statute of limitations wasn't met in this case. It came like six years later, right? It's not just one three-year statute of limitations, and that's another thing that the taxpayers ignored in their argument, is we're not just talking about the individual three-year statute of limitations under section 6501. And this court actually has an excellent analysis of this very issue in the opinion in AD Global. And what this court held in AD Global was that section 6229 extends the individual three-year statute of limitations with respect to partnership items. So the reason- So tell me how it extends it. Well, what it does is that it says that the statute of limitations for assessing tax attributable to partnership items shall not expire until three years after the partnership return was filed. Right. So what that does is it essentially provides a minimum period. You look at both 6501 and 6229, and the reason- I don't know that we can necessarily tell from the record about the timing, but the reason that that can be even longer than you might initially think is because the tax matters partner can extend the statute of limitations under 6229, or it could be extended on other grounds. For example, the partnership return was invalid. And if you actually look at the tax court's decision in the partnership level proceeding in this case, not the decision, it was a prior opinion by Judge Halpern. He goes into this and says, you know, with respect to some of the partnerships, the tax matters partner had extended the statute of limitations. For others, the partnership return was invalid so that it did not start running. Oh, in this particular case? In the partnership proceeding, there was an opinion in Agrical Venture Associates in August of 2000. The site is 80 TCM 295, and Judge Allegra actually refers to that when he says, indeed, the statute of limitations matter was raised in the very proceeding in which these taxpayers had participated. So, I mean, that's why it might appear to be a long time, but I mean, the bottom line is that fundamentally, you always have to look at partnership issues to figure out if this was met or not. And that's why it's a partnership item. No matter how you characterize it, you're all... In this case, though, the partners did extend the statute of limitations. Well, that's... I'm not... As far as you know with this case. Well, I don't want to speak to things that aren't necessarily in the record, but the bottom... I think when you look at Judge Halpern's opinion, it might cover some of these partnerships and not others. So, all I'm saying is that the issue involves partnership level issues, like did the tax matters part or extend the statute of limitations? Was the partnership return valid? Those issues are partnership items. They have to be raised in the partnership proceeding. That's why it's a partnership item, because you can't argue that the statute of limitations was blown without necessarily pulling in determinations that have to be made at the partnership level. But you would say that's true for this case, but suppose that, in fact... Am I understanding the statutory scheme right, that you have three years in which to lodge an FPA, right, under the statute, under 6229? Well, I mean, subject to these abilities to extend it, like you explained. Technically, an FPA itself isn't necessarily untimely, but if the FPA isn't issued within the 6501, 6229 window, it might not do any good. But the problem is that window isn't necessarily three years. It's a combination of 6501 and 6229, and that determination is made at the partnership level, because you can't make it without answering questions about what happened with the partnership return. How long after the FPA comes out does the IRS have to go back to the individual partners and go after their individual returns, which may now be decided to be wrong in light of the FPA? Well, I think the answer to that depends upon whether a partnership proceeding is filed or not. But see, wouldn't that be an issue for the individual rather than the partnership, that part of it? Not whether or not the FPA sort of came at them in a timely fashion, but whether post-FPA the IRS proceeded against them in a timely fashion, because that's really to the individual, right? I mean, the IRS may proceed against certain partners on certain dates, but other partners on different dates. No. So that's not an issue related to the partnership, but rather an issue related to when the IRS proceeded against particular individual partners in light of a decision they made about the whole partnership. It is related to the partnership because you can't ascertain whether or not that FPA did any good without ascertaining if it was issued in that 6501, 6229 window. I don't follow. Well, whether the FPA suspended the statute of limitations depends upon whether it was issued during the 6501 period as extended by 6229. Because an FPA can only suspend the statute of limitations if it comes out during that period, right? You can't suspend a period that's expired. Right, but whether it was issued during that period necessarily requires you to look at section 6229, which requires you to look at things that happened at the partnership level. And that's why every court that has looked at this has concluded that this is a partnership item. The only court that found otherwise was a district court that was reversed as to that determination on appeal. So that's why, regardless of the technicalities, it's determined at the partnership level because you're looking at things that the partnership did and that have an effect on all of the partners. And another thing that is important to consider, and I don't want to belabor this, but when you're looking at the IRS's regulation defining partnership items, that is a specific authority regulation. Congress said in defining partnership items in section 6231, it asked the Secretary of the Treasury to provide a definition of partnership item. It said, to the extent regulations prescribed by the Secretary provide that such things are more appropriately determined at the partnership level. And the taxpayers essentially concede that the argument they're trying to make is a partnership item within the terms of that regulation. Their only argument on this point is that the regulation, I think what they're saying is the regulation is invalid. But what Chevron says is that when Congress leaves an explicit gap for the agency to fill, those regulations are given controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute, which they are not. The statute isn't ambiguous in the sense that taxpayers are saying. It explicitly says agency defined partnership item. And that's what the agency did, and it defined it to include determinations that affect whether other partnership items are allowable, and the statute of limitations is certainly one of those items. I mean, another way of looking at this, too, and it's Judge Allegra's alternative holding, is that the taxpayers, they waive the statute of limitations argument for a couple of reasons. Not only because there's an explicit waiver in the settlement agreement, but also because several circuits have held that if you don't pursue the matter further in the partnership proceeding, you have waived it by not doing that. And I disagree with taxpayers' interpretation of 6226. It doesn't say that you can't participate if the statute of limitations is run. I mean, it's true that it was amended in 97 to explicitly say you can be a party for the purpose of asserting that the statute of limitations has run. But even before it was amended that way, the tax court consistently held that taxpayers weren't- I'm sorry to interrupt. Sorry. Your clock is running, and I'm watching it. And I just have one question going back to the penalty interest jurisdictional question. If the FPAW had not included a determination with respect to sham transactions or tax-motivated transactions, but the IRS later goes and assesses at the partner level penalty interest for such transactions, would you agree that the CFC would have jurisdiction over that? That might depend on whether or not it was an issue in the partnership proceeding. And actually, no, I would not agree, because I still think that the only way they can argue that the interest was improper was to argue that the transactions weren't shams. And the Court of Federal Claims had no jurisdiction to determine whether or not the partnership transactions were shams. That's just not- But there's not been a determination. I mean, I thought a lot of your argument was predicated on this issue belongs here. But if the issue was not raised, and this is an issue in which the government would likely raise it, right? It's tax-motivated. It's not a defense kind of thing by the taxpayer. So if what you're saying is correct, it seems to me there's a lot of stress. I mean, the government could just sit tight and never raise this allegation or this issue at the FPAW level, knowing that they have unreviewable discretion to do it later. Well, yeah. See, the IRS wouldn't assess tax-motivated interest if they didn't say in the FPAW that the transaction was tax-motivated. Then that's the answer, that it wouldn't come up. I mean, I don't think so. I can't imagine how that would come up. Because if the FPAW doesn't say sham transactions or some other ground for imposing 6621C interest, like at-risk or the other, if none of that is in the FPAW, I don't see how this would be assessed. You know, I think another thing... You're saying that there's a presumption in either direction. I think if an FPAW is issued saying the partnership transactions are shams, there is clearly a presumption that the interest will be imposed. Because a determination that's made in an... Imposed, unchallengeable, is what you're saying. Well, it is challengeable. But it's challengeable in the partnership level proceeding. I think once it's challenged in the partnership level proceeding, the presumption is the partnership level proceeding will run its course and will address any challenges to the nature of the partnership transactions. So I think if an FPAW issues and says tax-motivated transactions and nobody challenges it, then though that FPAW determination stands and the presumption is that the interest will be imposed. You're saying that that's this case? Well, in this case it was challenged. The taxpayers entered into settling agreements, but those settlement agreements did not resolve the nature of the partnership transactions. The agreements didn't address that at all. So that issue remained alive in the partnership level proceeding and was ultimately resolved adversely to the taxpayers in the partnership level proceeding. Is it correct, as the other side pointed out, that the government has sort of dropped that issue in cases where they've lost that at the Court of Federal Claims, that the government hasn't appealed that? No, no. If I understood right, maybe I'm missing... Yeah, I mean, there are lower court decisions going both ways. I mean, more of them, I think, the ones that are directly on point agree with Judge Allegra. We have the opinion by Judge Block and a recent opinion by Judge Braden who agree with Judge Allegra's analysis of the situation. McGann was distinguishable on its facts. We talked about that a little bit in our brief. I think there were no tax court decisions ultimately in McGann, and obviously no inference is to be drawn by the fact that the Solicitor General doesn't authorize appeal. No inference can be drawn from that. So no, we're not dropping any arguments based on that, certainly. Judge Allegra correctly concluded in this case that he had no jurisdiction over these not waiving anything or dropping anything in that regard. We need to wrap it up. Do you have a last word for us? I guess the last word is that even if the taxpayers were correct, and even if it were true that the settlement agreements were comprehensive and that they somehow resolved the sham issue in their favor, which I think is a big stretch, even if that were true, well, then their refund claims were untimely. So that's the alternative argument that the government's raised in our brief, starting on page 42, is that if it were true that you had a comprehensive settlement here that resolved all the issues, then the things that they're trying to raise were computational adjustments, and that is subject to the six-year statute of limitations. Computational adjustment doesn't mean math mistakes. It's a term of art. It means an adjustment that's made to apply partnership items to the partners. And if the taxpayers were correct in their interpretation of the settlements, then this case looks like this court's decision in Olson, which said when you have a settlement agreement, the adjustments interest, including tax-motivated interest, are computational adjustments. There are no partner-level, fact-specific things that you have to get into. So even if you agree with their argument, they're essentially hoist by their own petard, because then their refund claims are untimely. Thank you, Ms. Snyder. Thank you. Mr. Redding, you have your rebuttal time. Thank you, Your Honor. First, on that last point as to the claims being untimely, I go back to one of my opening points, and that is that the statute setting the two-year limitations time for filing claims applies to erroneous computation of a computational adjustment. The language erroneous computation is not superfluous. It means a mathematical error in making the computational adjustment. Also, I'll note that Brookstone and other cases that have considered this have looked at the substantive affected item issue and held that 6511, the normal two-year statute of limitations post-payment, does apply to these types of claims. I'll leave it at that. I think that is the least strong argument the government has anywhere on this. The government's entire argument asks this court to be myopic and look at the FPAW as if it contained only one determination of a ground for the adjustment. I bring to the court's attention that the language in the FPAW sets out numerous multiple grounds for the adjustment, one of which, and they're not differentiated, one of which is that the partnership was not engaged in a trade or business of farming. That's not a tax-motivated transaction. There are numerous grounds set forth for the adjustment, some of which, if that was the basis of the settlement, might support 6621C, some of which do not. And because the settlement is silent, you then must go in and apply every one of those grounds to see what the adjustment and what the deficiency would have been, and if the deficiency based on a non-TMT ground is the same as the deficiency based on the TMT ground and they're both deemed preserved because they weren't addressed in the settlement, then under the regulation, determining what attributable to means, the adjustment, the deficiency is not attributable to a tax-motivated transaction because you look at the computation as if all of the grounds applied. And as the Fifth Circuit said, when you have the shotgun FPAWs or shotgun deficiency notices that throw out every possible ground for adjusting something, one of which is a TMT, the rest of which are not, unless there's a specific determination that the basis for the adjustment was in fact the ground that was the TMT, then you can't apply 6621C interest, that you have to look at all the potential grounds for the adjustment. And many of the grounds set forth in this FPAW do not support 6621C, the penalty interest. And Your Honor, it is not that we are asking the court below to go behind the sham determination. We agree, the court below cannot go back and redetermine whether these transactions were or were not shams. That would be a partnership item determination. What the court below is asked to do is determine whether or not the settlement that was entered into supported the application of 6621C. If it does not, we win. If it does, we lose. If in fact, and I'll make this as an example, if the settlement agreements had said the parties agree that the deficiency or the adjustments are attributable to tax motivated transactions or to sham transactions, then we'd be bound by that. We couldn't go back and relitigate that. But that's not what it does. It makes a naked adjustment to the deductions and in fact allows over 50% of them. Actually it allows much more than 50% because the FPAW actually addressed first and second year of the partnership and the settlements agreed that there were no changes at all in the second year. I mean, that's completely inconsistent with the concept of sham. If you will go in and look at the FPAWs and then look at the settlement agreements, it makes no sense to say that these adjustments were attributable or were strictly the result of a sham transaction. I'd go one step further. One other point I would like to make, the window for issuing an FPAW that was discussed here. I'll go back to the example I used earlier when we were talking about why it wasn't equitable or why it would be equitable for the statute of limitations not to be deemed to be a partnership item. That window within which the FPAW can be issued and have effect to extend the statute of limitations for a partner who does not file an individual tax return is open forever. The government can come in 50 years later and issue a valid FPAW. The adjustments to partnership items are appropriate. The resulting tax can only be assessed against partners for whom their individual statute of limitations is still open. So for the guy whose 20-year statute is open, they can come and assess his liability. If it was issued while somebody who had a 6501 statute that was six years because there was a substantial emission of income on his individual tax return, the FPAW could be issued at any time within that six years and it would extend his statute of limitations. That window is not determined solely by partnership level factors. It is determined by looking at the individual factors. I can't give the court the site but there is one case out there where the, I think it was the tax court, I don't know if it was appealed, upheld the issuance in the application of a TEFRA adjustment to a partner for whom there was a longer statute of limitations personally applicable. So it's not that you look only at 6229 and only at the FPAW language. You have to look at what the individual partner statute was too. I think we need a last word from you also. I will also note that the question about whether tax-motivated item transactions can be determined solely at the partner level or solely at the partnership level always. It depends on the nature of the defined term that is a TMT. There are a few that could be purely partnership item determinations. If the adjusted transactions were straddle transactions, a type of economic transaction, then any adjustment to a straddle transaction is by statute a tax-motivated transaction. And lastly, in going through this analysis, if you hold that it was a partial settlement and not a comprehensive settlement, and ultimately do look at, although we think it would be appropriate, the tax court decisions four years later, please keep in mind that there is a significant difference between economic substance. Look at this court's Coltec decision. There's a difference between that and sham and fraud. And even the statute making a TMT says sham and fraudulent transactions. What's the difference? The difference rests with the motive involved all the way through. To the extent profit motive has anything to do with a pure economic substance question, it is subjective possibility of profit. Our position is, and I think the Fifth Circuit's is, that the profit motive issue in sham is an objective profit motive. And to get to fraud, which carries much heavier sanctions, as well as 6621C, there has to be determined that there was a willful and intentional intent to evade or avoid the income tax. It's a much stronger profit motive factor. It's almost like there's different levels of mens re. And a simple decision of lack of economic substance, we contend, is not the equivalent of a sham determination. And therefore, even if the tax court decision controlled, that still doesn't get them there. Thank you, Your Honor. Thank you, Mr. Redding. Thank you, Mr. Snyder. The case is taken under submission.